UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                Plaintiff,

                                                                         <u>DECISION AND ORDER</u>

                                                                         09-CV-6281L

                                v.

$27,601.00 UNITED STATES CURRENCY,

                                Defendant.

LUIS COLON,

                                Claimant.
_____

## INTRODUCTION

Plaintiff in this action, the United States of America ("Government"), seeks forfeiture under 21 U.S.C. § 881(a)(6) of the sum of $27,601 ("property") seized from Luis Colon in November 2008. Presently before the Court is the Government's motion to strike Colon's claim to the property pursuant to Rule G(8) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). For the reasons that follow, the Government's motion to strike is granted.

**BACKGROUND**

The property was seized from Colon at his residence in Rochester, New York on November 14, 2008. The seizure took place during the execution of a search warrant issued to investigate alleged narcotics activity that had been the subject of police investigation during the months prior to the seizure. The property, which comprised bills of various denominations, was seized from several locations within the house. At the time of the filing of this action, the property was in the custody of the United States Marshals Service.

The Government commenced this *in rem* action on May 29, 2009, by filing a verified complaint for forfeiture of the property. On June 1, 2009, the Government sent Colon copies of the complaint, arrest warrant *in rem*, and notice of forfeiture action by certified mail. Dkt. #7 Ex. 1. In addition, notice of the action was also posted on a government website, www.forfeiture.gov, pursuant to Supplemental Rule G(4)(a)(ii).

Colon, through his attorney, filed a claim to the property on July 7, 2009. He has not filed an answer to the complaint, however, nor has he responded to the Government's motion to strike.

**DISCUSSION**

As indicated, the procedures applicable to this forfeiture action are governed by the Supplemental Rules. *See* 21 U.S.C. § 881(b); *United States v. 2005 Chrysler 300C, VIN2C3AA63HX5H631206*, 382 Fed.Appx. 531, 532 (8th Cir. 2010). When the Government brings a civil forfeiture action *in rem*, it must file a verified complaint setting forth allegations concerning the property and the factual and statutory basis for its seizure. *See* Supp. R. G(2). The Government must also provide notice of the action to anyone who reasonably appears to be a potential claimant. Supp. R. G(4).

To contest the forfeiture, a claimant must first file a claim within the time specified in the Government's notice.  *See* Supp. R. G(5)(a) and 4(b)(ii)(B).  Within twenty-one days after filing a claim, the claimant must file an answer.  Supp. R. G(5)(b).

"Courts generally expect claimants to adhere strictly to those requirements." *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 664 F. Supp. 2d 97, 101-02 (D.D.C. 2009).  *See also United States v. Amiel*, 995 F.2d 367, 371 (2d Cir. 1993) ("Strict compliance with [the time deadline for an answer] is typically required").  In addition, "under the Supplemental Rules, the government may move to strike a forfeiture claim at any time before trial for failure to comply with Rule G(5) or for lack of standing."  *United States v. $12,126.00 in United States Currency*, 337 Fed.Appx. 818, 820 (11th Cir. 2009) (citing Supp. R. G(8)(c)).

Where a claimant fails to comply with the procedural requirements of the Supplemental Rules, his claim may be stricken for lack of statutory standing.  *See United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999) (claimant who fails to meet specified time deadlines in Supplemental Rules lacks statutory standing); *United States v. 479 Tamarind Drive, Hallendale, Florida*, No. 99 CIV. 2279, 2011 WL 1045095, at *3 (S.D.N.Y. Mar. 11, 2011) ("When a claimant fails to file an answer, he or she does not have statutory standing to bring a claim"); *United States v. $11,500.00 in United States Currency*, ___ F.Supp.2d ___, 2011 WL 2729561, at *4 (D.Or. 2011) (stating that "[s]tatutory standing requires that a claimant comply with the procedural requirement[s]" of the Supplemental Rules, and that "[c]ourts typically require strict compliance with the forfeiture filing requirements to perfect standing").

In the case at bar, Colon filed a claim on July 7, 2009.  Two years later, he still has not filed an answer, nor has he even attempted to demonstrate any excusable neglect for not doing so.  Indeed, since filing his claim, Colon has essentially been absent from this litigation.  Accordingly, he lacks statutory standing to pursue his claim, and the Government's motion to strike Colon's claim is therefore granted.  *See $12,126.00*, 337 Fed.Appx. at 820 ("Because appellant failed timely to file an answer to the Government's complaint, the district court did not abuse its discretion in striking

his claim and subsequently denying his motion for reconsideration.  The district court was entitled to insist upon strict compliance with the procedural requirements set forth in Rule G(5) and, thus, to strike appellant's claim for lack of statutory standing to contest the forfeiture").

## CONCLUSION

Plaintiff's motion to strike the claim of Luis Colon (Dkt. #7) is hereby granted, and Colon's claim (Dkt. #5) is hereby stricken.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 1, 2011.